HOLMES ELECTRIC PROTECTIVE Co. *v.* METROPOLITAN BURGLAR ALARM Co.

*(Circuit Court, S. D. New York.  August 28, 1884.)*

1. PATENTS FOR INVENTIONS—PATENT NO. 120,874—ELECTRIC LINING FOR SAFES.
   Patent No. 120,874, granted to Edwin Holmes and Henry C. Roome, November 14, 1871, construed to be for an electrical covering fitting the outside of safes, as distinguished from an electrical protection applied to houses and other buildings, and to rooms, *held* valid, and a preliminary injunction granted.

2. SAME—EXPIRATION OF FOREIGN PATENT.
   The provision of the Statutes that a United States patent for an invention previously patented abroad shall be so limited as to expire at the same time with the foreign patent, seems to mean that the term of the patent here shall be as long as the remainder of the term for which the patent was granted there, without reference to incidents occurring after the grant. It refers to fixing the term, not to keeping the foreign patent in force. Consequently, *held*, that the lapsing of the prior foreign patent for non-payment of tax does not affect the term of the United States patent

Motion for Injunction.

*Samuel A. Duncan*, for complainant.

*Burton N. Harrison*, for defendant.

WHEELER, J.  The orator's patent, No. 120,874, for an improvement in electric linings for safes, granted to Edwin Holmes and Henry C. Roome, November 14, 1871, appears to be for an electric

lining to an outer covering for the safe, insulated from the safe, and so arranged that an attempt to get through the covering will affect the electrical conditions, and thereby give an alarm. The inventors could not have a valid patent for protecting safes by electricity any more than Morse could for sending messages to a distance by that agency; neither could they for every form of device for that purpose, for various such devices existed before their invention. They were entitled to protection only for their specific improvements upon what existed before. *Ry. Co.* v. *Sayles,* 97 U. S. 554. So far as shown, there were no such insulated coverings fitting the outside of safes before. There was such protection for the outside of houses, and other buildings and rooms, but none for the safes themselves. The application of this form of protection to the safes themselves is different from that to habitable structures. The patent appears now to be valid for this specific improvement. The claims are for a safe provided with the outer covering, and for the covering.

It is also urged that the patent has expired, because the invention is the subject of a prior English patent which has been suffered to lapse for non-payment of tax. The statute merely requires that in such case the patent shall be so limited as to expire at the same time with the foreign patent. Rev. St. § 4887. This seems to mean that the term of the patent here shall be as long as the remainder of the term for which the patent was granted there, without reference to incidents occurring after the grant. *Henry* v. *Providence Tool Co.* 3 Ban. & A. 501; *Reissner* v. *Sharp,* 16 Blatchf. 383. It refers to fixing the term, not to keeping the foreign patent in force.

It is urged that infringement has been so far acquiesced in that a preliminary injunction would now be inequitable; but this claim does not appear to be borne out by the proofs. The fact of infringement is not in reality contested. The patent has been so far acquiesced in, respected, and upheld, that, appearing to be good and valid as to this specific form of electrical protection, it affords sufficient ground for a preliminary injunction to restrain further infringement by the use of this form.

Motion granted.